UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENTAL MONITORING SAS,

    Plaintiff,

v.

ALIGN TECHNOLOGY, INC.,

    Defendant.

No. C 22-07335 WHA

**ORDER DENYING SECOND MOTION TO DISMISS**

Two weeks ago or so, an order granted in part and denied in part Align's motion to dismiss under Rule 12(b)(6) (Dkt. No. 49). Specifically, that order granted the motion as to direct patent infringement under 35 U.S.C. Section 271(g), willful patent infringement under Section 284, and indirect patent infringement under Sections 271(b) and 271(c). It denied the motion as to direct patent infringement under Section 271(a) and ordered an answer within fourteen days.

Very early in the morning last Friday, fourteen days later, Align filed an answer (72 pages with 594 pages of exhibits) that, *inter alia*, asserted its own patents against Dental Monitoring (Dkt. No. 54). What's more, a few hours earlier, Align filed yet another motion to dismiss (29 pages with 216 pages of exhibits) (Dkt. No. 53). This one was based on 35 U.S.C. Section 101 and brought under Rule 12(b)(6) or, in the alternative, Rule 12(c) as a motion for judgment on the pleadings. Both filings were briefly discussed at the initial case management conference, which was held some hours thereafter.

At the initial case management conference, the judge stated that Align should have brought its Section 101 arguments in its first motion to dismiss, and that its second motion to dismiss would likely be denied without prejudice to raising these arguments in a summary judgment motion. Having now had an opportunity to meaningfully review Align's filings, the judge stands by this assessment. The motion is therefore **DENIED**. Still, some commentary is in order.

Align explains that it "brings the present motion after having a sufficient opportunity to develop its [Section] 101 defense" (Br. 22). Surely Align had sufficient opportunity to develop this defense before filing its first motion to dismiss, however. It simply chose to move on different grounds. After a lot of work, a prior order carefully evaluated those grounds and dismissed all willful and indirect infringement claims, and some direct infringement claims. But that order allowed other direct infringement claims to go forward, so Align has "movant's remorse," which is not itself actionable.

As Align recognizes, Rule 12(g)(2) places limits on the filing of a successive motion under Rule 12(b)(6) (*see* Br. 21). Specifically, "Rule 12(g)(2) provides that a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule 12(b)(6)[.]" *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019). Nevertheless, Align requests that this Court exercise its discretion to consider its second pre-answer motion under Rule 12(b)(6), emphasizing that our court of appeals "read[s] Rule 12(g)(2) in light of the general policy of the Federal Rules of Civil Procedure, expressed in Rule 1" (Br. 21 (quoting *ibid.*)).

Rule 1 states that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Yet securing such a determination of *this* action and proceeding requires us to push forward as planned. Note that Align's first motion to dismiss narrowed the case, and our "patent showdown" procedure will soon narrow it further — if not settle it entirely. The prior order instructed the parties to "come prepared to discuss the application of

the 'patent showdown' procedure to this action" at the initial case management conference, where tight deadlines for the patent showdown round of summary judgment were set (Dkt. No. 49 at 13 (citing Dkt. No. 16); Dkt. No. 56). That Align proceeded to file a second motion to dismiss mere hours before the initial case management conference reflects a gratuitous attempt to ventilate its Section 101 defense separately, with an additional bite at the apple. This would be unfair to Dental Monitoring (not to mention the Court).

Moreover, these circumstances are unlike those that Align points to in which our court of appeals has found a subsequent Rule 12(b)(6) motion appropriate. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d at 318–19 (citing *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1175 (C.D. Cal. 2011) (Judge Mariana R. Pfaelzer)). In *Allstate*, the answer had yet to be filed and the subsequent Rule 12(b)(6) motions had already been briefed. As such, it did not make sense to wait for the filing of the answer and then the filing of a Rule 12(c) motion to address the same issues. In this action, however, Align has filed its answer asserting its Section 101 defense, and the only briefing that has been undertaken on this defense is the present motion (filed a few hours beforehand). Completing the briefing of this motion, hearing it, and ruling on it would still take several weeks at a minimum. "Rule 12(g) is designed to avoid repetitive motion practice, delay, and ambush tactics." *Id*. at 318. Entertaining this motion would only facilitate repetitive motion practice, delay, and ambush tactics here.

In the alternative, Align asserts that the motion can be addressed under Rule 12(c). Rule 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." According to Align, "[c]oncurrently with this motion, [it] has answered [Dental Monitoring's] complaint" and "[a]lthough Align has asserted counterclaims to which [Dental Monitoring] has yet to respond, the pleadings are now closed with respect to [Dental Monitoring's] complaint," as required (Br. 22). Yet Align's motion was actually filed several hours *before* Align's answer. And, again, the prior order had already set a course for efficiently resolving this action.

As stated on the record, Align is free to move for summary judgment based on its Section 101 arguments during the patent showdown. (Indeed, the 216 pages of exhibits suggest that this may be a better fit for summary judgment anyway.) But Align will not be allowed to initiate separate, additional motion practice on this issue.

**IT IS SO ORDERED.**

Dated: July 19, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE