UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENTAL MONITORING SAS, | |
| Plaintiff, | No. C 22-07335 WHA |
| v. | |
| ALIGN TECHNOLOGY, INC., | **ORDER RE PRE-SHOWDOWN SEALING MOTIONS** |
| Defendant. | |

    This order addresses the administrative motions to seal filed before the "patent showdown" round of summary judgment motions (Dkt. Nos. 75, 79).

    There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not) and why. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The compelling reasons standard applies to most judicial records. Evidentiary motions, such as motions *in limine* and *Daubert* motions, can be strongly correlative to the merits of a case. *Id.* at 1098–1100.

In addition, sealing motions filed in this district must contain a specific statement that explains: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient. The material requested to be sealed must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c). For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

Finally, "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c).

1. **DKT. NO. 75: DENTAL MONITORING'S LETTER TO COMPEL DISCOVERY.**

Dental Monitoring filed a letter seeking to compel discovery, provisionally filing under seal an unredacted version of this letter (Dkt. No. 75-3), as well as an unredacted excerpt of Align's first supplemental interrogatory responses (Dkt. No. 75-4). Align does not seek to keep the letter confidential and filed an unredacted copy (Dkt. No. 85-1), so with no justification, the motion as to the letter is **DENIED**. As for the interrogatory responses, Align seeks to redact "technical information about the operation and architecture of Align's products and services, including specific location of servers used by Align outside the United States, and personal information of two of Align's employees" (Dkt. No. 85). But Align has failed to explain how disclosure of that information could cause it harm, *e.g.*, how it would be harmed

2

by disclosing what ClinCheck is *not* used to do. What's more, saying that the servers are in Canada — the world's second largest country — is hardly disclosing a "specific location." And, disclosure of the names and titles of employees who Align has itself identified as having knowledge regarding accused products and services, and who have at this point filed sworn statements in this litigation, is hardly sensitive. Although Align asserts that the public interest is served by unredacted versions of the parties' respective letters, that does not undercut the public interest in these responses. The motion as to the interrogatory responses is **DENIED**.

### 2. DKT. NO. 79: ALIGN'S LETTER IN RESPONSE.

Turning to Align's letter, Align moves to seal portions of two exhibits and the entirety of a third exhibit. The motion is **GRANTED** as to the third exhibit, which is an internal document breaking down the architecture of the Virtual Care AI Aligner Fit Product Family. There is currently little public interest in this detailed information regarding Align's systems, which was of tangential importance to the merits of Align's letter, but this calculus may change in other contexts. The motion is otherwise **DENIED**. Here, Align makes a vague assertion that "competitors could use the technical details regarding the design, operation, historical development, and architectural location of Align's VC AI platform to gain an unfair advantage in the marketplace with respect to their competing products and services" (Dkt. No. 85). But it is unclear how disclosing broad descriptions of server and model training locations, how the Invisalign Virtual Care AI platform works, and when the models were trained would allow competitors to gain that unfair advantage.

Documents that must be refiled shall be refiled in full compliance with this order no later than **MARCH 12, 2024, AT 12:00 P.M.**

**IT IS SO ORDERED.**

Dated: February 13, 2024.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE