PERKINSCOIE

110 North Wacker Drive
Suite 3400
Chicago, Illinois 60606-1511

T +1.312.324.8400
F +1.312.324.9400
PerkinsCoie.com

March 12, 2024

The Honorable William H. Alsup
San Francisco Courthouse, Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Hari Santhanam
HSanthanam@perkinscoie.com
D. +1.312.324.8447
F. +1.312.324.9400

**Re:** *Dental Monitoring SAS v. Align Technology, Inc.*, No. 3:22-cv-07335-WHA

Dear Judge Alsup:

Align Technology, Inc. respectfully requests that the Court strike a new theory of infringement under the doctrine of equivalents ("DOE") that Dental Monitoring ("DM") seeks to introduce through its Backup Infringement Contentions served on February 20, 2024.[1] The parties conferred by phone on March 12, 2024, but DM has not agreed to withdraw its new DOE theory. Align thus files this letter motion pursuant to Paragraph 34 of the Court's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases.

DM's asserted claims, including the two showdown claims, all require "analysis of [an] analysis image by means of a deep learning device trained by means of a learning base." '409 claim 1; '248 claim 1. As Align explained in its showdown motion seeking summary judgment of noninfringement, Align does not practice these "analysis" steps because the devices that allegedly perform the image analysis are incapable of learning and thus cannot be a "deep learning device." Dkt. 103-3 at 21-23; Dkt. 109-3 at 14-15, 22-23. DM has known of this defense since last September when Align disclosed it in an interrogatory response. Dkt. 79-1 at 9-10. DM never hinted in its original infringement contentions or at any point during the showdown process that it was asserting any DOE theory. Now—after all showdown discovery and briefing has closed and as a contingency plan in case the Court agrees with Align that there is no literal infringement—DM seeks to add a new theory that the "analysis" steps are met under the DOE. The Court should strike DM's new DOE theory for two independent reasons: (1) DM failed to raise it in its original infringement contentions and lacks good cause to raise it now under Patent L.R. 3-6, and (2) DM failed to raise it in opposing Align's showdown motion and should not be allowed a second bite at the apple if the Court grants summary judgment of noninfringement in Align's favor.

**A.   Background**

DM served its original infringement contentions on July 28, 2023, arguing only that Align *literally* practiced all steps of the asserted claims, including "analysis by means of a deep learning device." Ex. 1. DM made two generic references to the DOE in its cover pleading, but it did not identify any claim step that was met under the DOE, much less explain why. *Id.* at 1 ("Based on presently known information, Dental Monitoring contends that [the Asserted Claims] have been and continue to be infringed by Align under at least 35 U.S.C. § 271(a), literally or under the

---

[1] DM has improperly raised several new DOE theories, including as to steps of the showdown claims requiring the "analysis of the analysis image by means of a deep learning device," "creation of a learning base," image acquisition "more than 1 week after start of the treatment," and "assessing the shape of an orthodontic aligner." But to avoid burdening the court, this letter focuses on DM's theory related to the "analysis" steps as it most directly impacts the showdown.

doctrine of equivalents."), 3 ("Alternatively, to the extent Align contends the Asserted Claims are not literally infringed, they are each infringed under the doctrine of equivalents."). DM did not mention the DOE at all in the claim charts attached to its original contentions.

In answering DM's first set of interrogatories on September 25, 2023, Align set forth its noninfringement contentions. Dkt. 79-1 at 9-10. Among other things, Align explained that it did not practice the "analysis" steps because "the MyInvisalign software, when loaded on a patient device" and "Align's servers running the accused elements of the Invisalign® Virtual Care AI platform" "do[] not … learn or adapt" and "do not comprise a 'deep learning device.'" *Id.*

DM did not seek to amend its contentions or otherwise disclose any DOE theory in response to Align's noninfringement positions or any discovery produced by Align. The parties thus proceeded through the showdown process, including fact and expert discovery and summary judgment briefing, solely on the basis of DM's disclosed literal-infringement theory. On December 15, 2023, DM served two expert reports on infringement issues, neither of which mentioned any DOE theory. *See* Dkt. 100-9; Dkt. 100-15. DM's expert, Dr. Mongan, acknowledged Align's position that it does not use a "deep learning device" but nevertheless opined that Align *literally* met the "analysis" steps. Dkt. 100-9 ¶¶ 133-134, 214. In his responsive report dated January 16, 2024, Align's expert, Dr. Acton, expressly noted that "neither DM nor Dr. Mongan has alleged or set forth any basis for infringement under [the] doctrine of equivalents." Dkt. 109-4 ¶ 51.

The parties filed their respective showdown motions on January 4, 2024. In its motion for summary judgment of infringement, DM addressed only literal infringement and made no mention of the DOE. *See* Dkt. 100-2. Similarly, in its February 1, 2024 opposition to Align's motion for summary judgment of noninfringement, Dkt. 103-3 at 21-23, DM argued only that Align literally infringed and did not raise any DOE theory, Dkt. 110-2, 24-25.

The parties exchanged preliminary claim constructions on February 2, 2024 and filed their Joint Claim Construction Statement ten days later. Dkt. 115. Align incorporated its positions relating to terms the parties had already addressed as part of their showdown papers, including the "analysis" steps, and the parties have agreed that there is no need to further brief these terms. *Id.* at 1:20-26. Although Align has proposed additional terms for construction if the case continues beyond the showdown, Dkt. 115-1, none of those terms relates to the "analysis" steps.

Per the Court's December 6, 2022 Order (Dkt. 16 ¶ 8) and the parties' Case Management Statement (Dkt. 51), the parties exchanged Backup Contentions on February 20, 2024. In its Backup Contentions, DM asserted for the first time that certain steps, including the "analysis" steps, were met under the DOE. *See, e.g.*, Ex. 2 at 13-14; Ex. 3 at 29-31. Although DM referred to its showdown expert reports and briefing, none of those materials hinted at any DOE theory.

**B.     The Court Should Strike DM's New DOE Theory from Its Backup Contentions**

DM's original infringement contentions did not assert infringement under the DOE, and DM's eleventh-hour attempt to inject into this case a new DOE theory as to the "analysis" steps that it should have raised during the showdown process must be rejected.

The Honorable William H. Alsup
March 12, 2024
Page 3

*First*, there is no reason why DM could not have disclosed its DOE theory in its original infringement contentions. Patent L.R. 3-1(e) requires infringement contentions to identify "[w]hether each limitation of each asserted claim is alleged to be literally present *or present under the doctrine of equivalents*." Pat. L. R. 3-1(e) (emphasis added). The Rule "require[s] parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Fluidigm Corp. v. IONpath, Inc.*, No. 19-CV-05639-WHA, 2020 WL 5073938, at *3 (N.D. Cal. Aug. 25, 2020). DM's original contentions asserted only that each claim step was literally met, and the attached claim charts made no mention of the DOE. Although DM made passing references to the DOE in its cover pleading, it made no specific assertions of equivalence, and "[c]ourts in this district have almost uniformly rejected ... 'boilerplate language asserting that the doctrine of equivalents has been met.'" *Cap Co., Ltd. v. McAfee, Inc.*, No. 14-CV-5068-JD, 2015 WL 4734951, at *3-4 (N.D. Cal. Aug. 10, 2015) (citation omitted); *see Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-5808, 2015 WL 1517920, at *10 (N.D. Cal. Apr. 2, 2015).

To the extent DM may premise its new DOE theory as to the "analysis steps" on Align's noninfringement defenses, DM lacks good cause under Patent L.R. 3-6 to add it now. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (party seeking to amend contentions must act with diligence); Dkt. 16 ¶ 8 ("Promptly means within 28 days at the latest."). DM has known about Align's noninfringement defenses, including that Align does not use a "deep learning device," since September 2023, and this defense was extensively addressed during the showdown process. DM sat idly by for nearly five months as the parties conducted fact and expert discovery and briefed their respective showdown motions—even when Align's expert noted that DM had not raised any DOE argument. Dkt. 109-4 ¶ 51. DM has suggested that it may try to blame its failure on Align's purportedly deficient source code production. Align disputes that assertion, as it produced all requested source code months ago. But that still does not explain why DM failed to raise its DOE theory during the showdown process. Had DM timely disclosed its DOE theory, Align could have sought discovery regarding the DOE and its limitations such as prosecution history estoppel and disclaimer, had its experts address DM's theory and questioned DM's inventors and experts about it, and responded to DM's theory in its showdown motion. Injecting DM's new DOE theory into the case now would unduly prejudice Align.

*Second*, it was incumbent on DM, as the party bearing the burden of proof on infringement, to raise any DOE arguments and any supporting evidence in its opposition to Align's showdown motion for summary judgment of noninfringement. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (nonmoving party that bears burden of proof must "designate 'specific facts showing that there is a genuine issue for trial'"); *Exigent Tech., Inc. v. Atrana Sols., Inc.*, 442 F.3d 1301, 1309 (Fed. Cir. 2006) (affirming summary judgment of noninfringement where patentee "failed to set forth any argument or evidence of infringement—either literal or by equivalents—in response to [defendant's] motion"). Having failed to do so, DM should not be allowed a second bite at the apple, in the event that the Court grants summary judgment in Align's favor, by raising DOE theories it could have earlier raised as to the showdown claims (including independent claim 1 of each patent).

Align therefore requests that the Court strike DM's new DOE theory.

Perkins Coie LLP

The Honorable William H. Alsup
March 12, 2024
Page 4

Dated:  March 12, 2024 **Perkins Coie LLP**

By: /s/ *Hari Santhanam*

| | |
|---|---|
| Jon Carter (*pro hac vice*) | Renée E. Rothauge (SBA 271239) |
| JCarter@perkinscoie.com | RRothauge@perkinscoie.com |
| PERKINS COIE LLP | PERKINS COIE LLP |
| 1155 Avenue of the Americas | 505 Howard Street, Suite 1000 |
| New York, NY 10036 | San Francisco, CA 94105 |
| T: (212) 262-6900 / F: (212) 977-1649 | T: (415) 344-7000 / F: (415) 344-7050 |
| | |
| Maria Stubbings (*pro hac vice*) | Hari Santhanam (*pro hac vice*) |
| MStubbings@perkinscoie.com | HSanthanam@perkinscoie.com |
| PERKINS COIE LLP | PERKINS COIE LLP |
| 700 13th Street, NW, Suite 800 | 110 North Wacker Drive, Suite 3400 |
| Washington, D.C. 20005 | Chicago, IL 60606 |
| T: (202) 654-6200 / F: (202) 654-6211 | T: (312) 324-8400 / F: (312) 324-9400 |
| | |
| Kaitlin Dryden (*pro hac vice*) | John Gray (*pro hac vice*) |
| KDryden@perkinscoie.com | JHGray@perkinscoie.com |
| PERKINS COIE LLP | PERKINS COIE LLP |
| 33 East Main Street, Suite 201 | 2901 North Central Avenue, Suite 2000 |
| Madison, Wisconsin 53703 | Phoenix, AZ 85012 |
| T: (608) 663-7460 / F: (608) 663-7499 | T: (602) 351-8000 / F: (602) 648-7000 |
| | |
| | Sarah Fowler (SBA 264838) |
| | SFowler@perkinscoie.com |
| | Moeka Takagi (SBA 333226) |
| | MTakagi@perkinscoie.com |
| | PERKINS COIE LLP |
| | 3150 Porter Drive |
| | Palo Alto, CA 94304 |
| | T: (650) 838-4300 / F: (650) 838-4350 |

*Attorneys for Defendant Align Technology, Inc.*

cc by CM/ECF to all counsel of record