United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENTAL MONITORING SAS,

     Plaintiff,

     v.

ALIGN TECHNOLOGY, INC.,

     Defendant.

No.  C 22-07335 WHA

**ORDER RE MOTIONS TO SEAL**

This order addresses all remaining motions to seal and supporting declarations (Dkt. Nos. 100, 102, 103, 107–10, 114, 119, 121, 123, 129, 135, 137–39, 142, 144, 146, 149). The district court has jurisdiction to resolve them (*see* Dkt. No. 65 ¶ 8). *Brennan v. Opus Bank*, 796 F.3d 1125, 1126, 1134 (9th Cir. 2015); *cf. Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013).

1.    THE LEGAL STANDARD.

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir.), *cert. denied*, 580 U.S. 815 (2016). Filings that are only tangentially

related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Evidentiary motions, like motions *in limine* and *Daubert* motions, can correlate with the

merits. *Id.* at 1098–1100. Indeed, the "'compelling reasons' standard applies to *most* judicial

records." *Id.* at 1098 (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir.

2010), *cert. denied sub nom. Experian Info. Sols., Inc. v. Pintos*, 562 U.S. 1134 (2011)).

Additionally, parties in this district must ensure their sealing motions meet basic

adequacy requirements. Above all, they must "narrowly tailor" requests "to seal only the

sealable material." Civil L.R. 79-5(c). And they must list each document or passage to be

sealed together with its rationale for sealing. *Ibid.* For each listed, they must specifically state:

(1) the legitimate private or public interests that warrant sealing; (2) the injury that will result

should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient.

*Ibid.* They must provide evidentiary support where necessary, such as by sworn declaration.

*Ibid.* And, for pleadings, parties must file both redacted and unredacted copies (or ensure

another party does) and include in the unredacted copies highlighting to show proposed

redactions. *Id.* at (d)–(e). Failure to follow the rules suggests a lack of cause or interest to

seal, and risks summary denial. *See id.* at (f)(6), (g)(2).

Redaction may be appropriate where publication "could result in infringement upon trade

secrets." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), *cert. denied*, 566

U.S. 986 (2012). So too where "business information" might "harm a litigant's competitive

standing," particularly where the public has "minimal interest" in that information. *See*

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). And, in general, redaction will be

appropriate where publication would turn "court files [into] a vehicle for improper purposes,"

*Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as "to gratify private spite,

promote public scandal, [or] circulate libelous statements," *ibid.* But "vague boilerplate

language or nebulous assertions of potential harm" will not suffice to support redaction.

*Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019)

(citing Civil L.R. 79-5). Nor will mere "[r]eference to a stipulation or protective order." Civil

L.R. 79-5(c); *see also Kamakana*, 447 F.3d at 1180. "A party seeking to seal a judicial record

2

[ultimately] bears the burden of overcoming th[e] strong presumption" of public access. *Kamakana*, 447 F.3d at 1178. The final determination is "left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

In this case, parties were warned that over-redaction would be rejected in toto (Dkt. No. 65 ¶ 5). Dental Monitoring took the warning to heart. It did not request any redactions. Align's initial motions to seal were denied across the board (*see* Dkt. No. 116). To its credit, Align now files a superseding sealing motion to amend its other sealing motions and request fewer redactions (*see* Dkt. No. 138; *cf.* Dkt. No. 141-1). This order decides whether those narrowed requests — plus other requests Align makes freshly — are narrow enough. The assessment proceeds in the order of the underlying substantive motions.

### 2. MOTIONS TO SEAL STEMMING FROM DENTAL MONITORING'S MOTION FOR SUMMARY JUDGMENT.

#### A. DENTAL MONITORING'S MOTION.

In a patent showdown with Align, Dental Monitoring moved for partial summary judgment (Dkt. No. 101). Dental also moved to consider whether Align's material therein should be sealed (Dkt. No. 100). Align timely submitted a declaration supporting narrowed redactions (Dkt. No. 107). Now, Align withdraws prior requests and moves for a still-narrower set of redactions (Dkt. No. 138 at 2). As to those final requests, this order rules as follows:

| Sealed [Prior] (Public) | Document | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 138-8 [107-1] (101) | Opening Brief | *Blue boxes* **GRANTED-IN-PART, DENIED-IN-PART.** | **19:13–19:23; 23:26–24:12** Proposed redactions target detailed descriptions of what is generally described in adjacent text. These protect sensitive information from disclosure while providing the public what it needs to understand the case. **GRANTED.** **Otherwise** The remainder, however, do not strike that balance. They include basic descriptions of the company's service model and value proposition. They include steps patients themselves perform. They describe high-level tasks Align's code performs that are easily |

3

| | | | inferred from the equally high-level descriptions of training processes disclosed nearby.  These proposed redactions are not credibly Align's "most sensitive information" (Dkt. No. 138-1 ¶ 5).  **DENIED.** |
|---|---|---|---|
| Dkt. No. 138-10 [107-4] (101-8) | Exh. 7, Align Memo Excerpt, Align-DM 0000350 | *Blue boxes*, **DENIED.** | The document is an internal memorandum from two technical experts.  In this passage, however, the experts provide only high-level descriptions of how the machine learning works, not the "technical details" Align seeks to avoid disclosing (*see* Dkt. No. 138-1 ¶ 6). |
| Dkt. No. 138-11 [107-5] (101-9) | Exh. 8, Align Memo Excerpt, Align-DM 0000044 | *Blue boxes*, **GRANTED.** | This document describes and diagrams commercially sensitive technical details in far greater measure than needed for public understanding (*cf.* previous entry). |
| Dkt. No. 138-12 [107-6] (101-11) | Exh. 10, Align Technical Document, Align-DM 0014487 | *Entirety*, **GRANTED.** | This one-page technical document "read[s] like [a] 'how-to' manual[]" for aspects of Align's software (Dkt. No. 138-1 ¶ 7).  Redaction is warranted (*see* previous entry). |
| Dkt. No. 138-13 [107-7] (101-12) | Exh. 11, Align Technical Document, Align-DM 0014494 | *Entirety*, **GRANTED.** | (*See ibid.*) |
| Dkt. No. 138-14 [107-8] (101-13) | Exh. 12, Expert Mongan Rpt. Excerpts | *Blue boxes*, **GRANTED-IN-PART, DENIED-IN-PART.** | **¶ 133, 156** The proposed redactions include high-level descriptions as well as excerpts from passages for which redactions were already rejected (*supra* entry re Dkt. No. 138-10).  Were there nuggets here worthy of protection, Align failed to remove them from the mine run.  "[T]he proponent of sealing bears the burden . . . ." *Kamakana*, 447 F.3d at 1182.  **DENIED.**<br><br>**Otherwise** Remaining proposed redactions cover similar ground as other, unredacted passages.  But they crowd onto that same ground countless, commercially important technical details, including function calls and filenames.  Redaction is warranted.  **GRANTED.** |
| Dkt. No. | Exh. 13, Cramer Dep. Tr. Excerpts | *Blue boxes*, **GRANTED-IN-PART,** | **92:6–7, 94:6–7; 119; 122** These proposed redactions are of passages like others already disclosed.  **DENIED.** |

| 138-15 [107-9] (101-14) | | **DENIED-IN-PART.** | **Otherwise** The remainder cover more uniquely detailed descriptions of how Align's software was developed. These commercially sensitive details are unnecessary for the public to understand the case. **GRANTED.** |
|---|---|---|---|
| Dkt. No. 138-16 [107-11] (101-16) | Exh. 15, Project Plan: Virtual Care AI Aligner Fit, Align-DM_0001585 | *Entirety*, **DENIED.** | The document proposed to be sealed is the first page of a twelve-page plan for developing Align software. On this page, the document describes the basic service-delivery model and value proposition that Align offers, and high-level milestones. This is not the "'how-to' manual[]" Align purports (Dkt. No. 138-1 ¶ 7). And it is stale: three years old. |
| Dkt. No. 138-17 [107-12] (101-17) | Exh. 16, Machine Learning Bullet Points, Align-DM_0014498 | *Entirety*, **GRANTED.** | The document contains commercially sensitive details, none important for understanding the case (*see supra* entry re Dkt. No. 138-12). |
| Dkt. No. 138-18 [107-15] (101-20) | Exh. 19, Align Technical Document | *Entirety*, **GRANTED.** | (*See ibid.*) |

### B.   ALIGN'S OPPOSITION.

Align opposed Dental Monitoring's summary judgment motion (Dkt. No. 111). It contemporaneously moved to consider whether to seal its own material therein (Dkt. No. 109) as well as Dental Monitoring's material (Dkt. No. 108). Dental Monitoring never filed a declaration supporting the redactions pertaining to its material; no redactions are granted. Now, Align withdraws prior requests and moves for a still-narrower set of redactions (Dkt. No. 138 at 2). As to those final requests, this order rules as follows:

| Sealed [Prior] (Public) | Document | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 138-21 [109-4] (111-1) | Exh. 14, Expert Acton Decl. | *Blue boxes*, **GRANTED-IN-PART, DENIED-IN-PART.** | **Text in ¶¶ 18, 24** Proposed redactions are high-level verbal descriptions of a more detailed diagram. The diagram itself merits redaction (*see* Dkt. No. 116 at 1–2). But there is no reason to redact the generic description of it here. **DENIED.** **Text in ¶¶ 54, 64** These high-level descriptions approach |

United States District Court
Northern District of California

United States District Court
Northern District of California

| Sealed [Prior] (Public) | Document | Result Re | Reasoning |
|---|---|---|---|

(table continues from previous page)

| | | | descriptions left unredacted elsewhere, including in the same paragraphs.  Align's declaration does not establish that statements of such generality merit protection.  **DENIED.**  **Otherwise**  Proposed redactions are of filenames, function variables, specific descriptions of how code works, and the like.  This detail is commercially sensitive (Dkt. No. 138-1 ¶ 9) and beyond what public understanding of the case demands.  **GRANTED.** |
| Dkt. No. 138-23 [109-6] (111-9) | Exh. 22, Expert Acton Dep. Tr. Excerpts | *Blue boxes*, **GRANTED.** | Proposed redactions target software file and function names.  Such detail would impose commercial costs if disclosed (Dkt. No. 138-1 ¶ 10) yet would not increase relevant public understanding of the case. |

C.   *DENTAL MONITORING'S REPLY.*

Dental Monitoring replied (Dkt. No. 120) and moved to consider whether Align's material therein should be sealed (Dkt. No. 119).  Align timely submitted a declaration supporting narrowed redactions (Dkt. No. 121).  Now, Align withdraws prior requests and moves for a still-narrower set of redactions (Dkt. No. 138 at 2).  As to those final requests, this order rules as follows:

| Sealed [Prior] (Public) | Document | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 138-30 [121-1] (120) | Reply Brief | *Blue boxes*, **GRANTED-IN-PART, DENIED-IN-PART.** | **13:7–10**  The proposed redaction obscures high-level description of Align's software.  The rationale for redactions (Dkt. No. 138-1 ¶ 12) fails to support how general description merits redaction.  **DENIED.**  **Otherwise**  Other proposed redactions are of filenames and even excerpts of other exhibits for which redactions were granted (*see supra* entry re Dkt. No. 138-12).  For the same reasons, the redaction is also warranted here.  **GRANTED.** |
| Dkt. No. 138-31 [121-2] (120-2) | Exh. 23, Expert Acton Dep. Tr. | *Blue boxes*, **GRANTED.** | (*See supra* entry re Dkt. No. 138-23.) |

6

| Dkt. No. 138-32 [121-5] (120-6) | Exh. 27, Align Development Document Excerpt, Align-DM_0000405 | *Entirety*, **DENIED.** | This document attached to a dispositive motion contains one page of a forty-five-page document, and shares only high-level results. The rationale for redaction (Dkt. No. 138-1 ¶ 13) is not persuasive. |

### 3.   MOTIONS TO SEAL STEMMING FROM ALIGN'S MOTION FOR SUMMARY JUDGMENT.

#### A.   ALIGN'S MOTION.

Align fired off its own motion for partial summary judgment in the patent showdown (Dkt. No. 104). And it moved to consider whether its own material (Dkt. No. 103) and Dental's material (Dkt. No. 102) should be sealed therein. Dental Monitoring never filed a declaration supporting the redactions pertaining to it; none will be granted. Now, Align withdraws prior requests and moves for a still-narrower set of redactions (Dkt. No. 138 at 2). As to those final requests, this order rules as follows:

| Sealed [Prior] (Public) | Document | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 138-4 [103-4] (104-4) | Exh. 3, Expert Acton Decl. | *Blue boxes*, **GRANTED.** | Redactions target file names with commercial sensitivity (Dkt. No. 138-1 ¶ 3) that go far beyond the detail required for public understanding of the case. |
| Dkt. No. 138-7 [103-7] (104-8) | Exh. 7, Cramer Dep. Tr. Excerpts | *Blue boxes*, **GRANTED-IN-PART, DENIED-IN-PART.** | **92:6–7, 94:6–7; 119; 122** Redactions are not warranted for reasons like those for which they were rejected in the same underlying excerpt before (*see supra* entry re Dkt. No. 138-15.) **DENIED.**<br><br>**Otherwise** (*See ibid.*) **GRANTED.** |

#### B.   DENTAL MONITORING'S OPPOSITION.

Dental Monitoring opposed (Dkt. No. 112) Align's summary judgment motion. It contemporaneously moved to consider whether to seal within its opposition Align's material (Dkt. No. 110). Align timely submitted a declaration supporting narrowed redactions (Dkt. No. 114). Now, Align withdraws prior requests and moves for a still-narrower set of redactions (Dkt. No. 138 at 2). As to those final requests, this order rules as follows:

United States District Court
Northern District of California

| Sealed [Prior] (Public) | Document | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 138-27 [114-3] (110-4) | Exh. 3, Expert Cramer Dep. Tr. Excerpt | *Blue boxes*, GRANTED-IN-PART, DENIED-IN-PART. | This excerpt of the deposition overlaps with others previously discussed, and redactions are granted to the same extent here (*see* previous entry). |
| Dkt. No. 138-28 [114-5] (110-6) | Exh. 8, Expert Acton Reb. Rpt. | *Blue boxes*, GRANTED-IN-part, DENIED-IN-PART. | **Text in ¶ 24**<br>(*See supra* entry re Dkt. No. 138-21). DENIED.<br><br>**Otherwise**<br>(*See ibid.*) GRANTED. |
| Dkt. No. 138-29 [114-6] (110-7) | Exh. 12, Expert Acton Dep. Tr. Excerpt | *Blue highlights*, GRANTED-IN-PART, DENIED-IN-PART. | **72:2–73**<br>Proposed redactions include general terms appearing elsewhere unredacted (*cf. supra* entry re Dkt. No. 138-23). DENIED.<br><br>**Otherwise**<br>(*See ibid.*) GRANTED. |

### 4. MOTIONS TO SEAL STEMMING FROM DENTAL MONITORING'S SLIDES FROM THE PATENT SHOWDOWN HEARING.

The patent showdown was held (Dkt. No. 130). Dental Monitoring used slides (Dkt. No. 136) and moved to consider whether Align's material therein should sealed (Dkt. No. 135). Align timely submitted a declaration supporting narrowed redactions (Dkt. No. 142). This order rules as follows:

| Sealed (Pub.) | Document | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 135-2 (136-1) | Dental Monitoring's Hearing Slides | *Blue/green boxes* in slides 35, 36, 46, GRANTED. | These three slides excerpt other documents for which redactions were granted (*see supra* entry re Dkt. Nos. 138-12, 138-13). They likewise merit redaction (*see also* Dkt. No. 142 ¶ 6). |
| | | *Blue/green boxes* in 48, 51, 55, GRANTED-IN-part, DENIED-IN-PART. | **Slide 48**<br>Similarly, slide 48 excerpts other documents for which redactions were granted (*see supra* entry re Dkt. No. 138-11). GRANTED.<br><br>**Slides 51, 55**<br>These slides excerpt another document for which redactions were denied (*see supra* entry Dkt. No. 138-10). There is no new reason to redact it here. DENIED. |

**5.**   **MOTIONS TO SEAL STEMMING FROM ALIGN'S MOTION TO STRIKE.**

In a discovery letter brief, Align moved to strike doctrine-of-equivalents contentions (Dkt. No. 125). Dental Monitoring opposed (Dkt. No. 128). And it moved to consider whether Align's material within its opposition should be sealed (Dkt. No. 129). Align timely submitted a declaration supporting narrowed redactions (Dkt. No. 137). This order rules as follows:

| Sealed (Pub.) | Document | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 137-2 (128-3) | Exh. 2, Expert Acton Resp. Rpt. Excerpts | *Blue boxes*, **GRANTED.** | Proposed redactions obscure file names. Their disclosure would create commercial risks without increasing understanding of the case. |

**6.**   **MOTIONS TO SEAL STEMMING FROM DENTAL' MONITORING'S CLAIM CONSTRUCTION BRIEF.**

**A.**   *DENTAL MONITORING'S BRIEF.*

Dental Monitoring filed a claim construction brief (Dkt. No. 140), and moved to consider whether Align's material therein should be sealed (Dkt. No. 139). Align submitted timely a declaration supporting narrowed redactions (Dkt. No. 144).

| Sealed (Pub.) | Document | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 144-2 | Exh. 3, Expert Mongan Rpt. Excerpts | *Blue boxes*, **GRANTED-IN-PART, DENIED-IN-PART.** | **¶ 133** (*See supra* entry re Dkt. No. 138-14.) **DENIED.**<br><br>**Otherwise** (*See ibid.*) **GRANTED.** |

**B.**   *DENTAL MONITORING'S REPLY.*

Dental Monitoring later replied (Dkt. No. 147), and moved to consider whether Align's material therein should be sealed (Dkt. No. 146). Align timely submitted a declaration mooting the motion to seal by releasing an unredacted copy of the material (Dkt. No. 149).

## CONCLUSION

The motions to seal were **GRANTED-IN-PART AND DENIED-IN-PART.** For avoidance of doubt, redactions that were proposed, withdrawn, and not otherwise expressly treated by this order (*e.g.*, redactions re Dkt. Nos. 103-3, 103-5, 103-6, 107-3, 107-16, 109-3, 109-5, 109-7,

114-1, 114-2, 121-6, 146) are **Denied as Moot.**  Parties shall refile all documents in accordance with this order **by Noon on September 6, 2024.**

   **IT IS SO ORDERED.**

Dated: August 29, 2024.



WILLIAM ALSUP
United States District Judge